THE LAW OFFICE OF
RYAN K. HARIMOTO

RYAN K. HARIMOTO  6720-0
1132 Bishop Street, Suite 1860
Honolulu, Hawaii 96813
Telephone: (808) 528-3113

Attorney for Plaintiff

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2013 DEC -6 PM 2: 41

F. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ROOSEBELT BALBOA; BERNALDO BALDONADO; ROLANDO BALDONALDO; FLORDELITO BASOL; FRANCISCO BOCTOT, JR.; GEMMA BOCTOT; DANNY BUMANGLAG; ANSELMA CABICO; ROGELIO CANTORNA; AMELIA COMA; LUZVIMINDA CUANANG; EDWIN DE LOS SANTOS; REYMUNDA JARAMILLO; FU LEE; MINA MACABEO; MAURO MANZANO; JASMINE MARBOU; JONAS MENOR; JUVE MIJARES; NOEL MIJARES; BALTAZAR NAVOR; RONALDO OJEDA; RONALDO ONGCOY; ARNEL PAJAS; GLORIA PALMA; ARTEMIA PATAGUE; ANDRES RAMENTO; CHRISTINA RAMIREZ; ASIS RAQUINIO; JAYSON RAQUINO; MOJEEB RINTON; FEDERICO SAHAGUN; MELANIE (RIVERA) SALVADOR; RUEL SALVADOR; GENEROSA TULIAO, <br><br> Plaintiffs, <br><br> vs. <br><br> HAWAII CARE AND CLEANING, INC.; and DOE DEFENDANTS 1-50, <br><br> Defendants. | CIVIL NO.: 13-1-3187-12  KKS <br> (Other Civil Action) <br><br> COMPLAINT; SUMMONS |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

EXHIBIT "A"

# COMPLAINT

Plaintiffs ROOSEBELT BALBOA, BERNALDO BALDONADO, ROLANDO BALDONALDO, FLORDELITO BASOL, FRANCISCO BOCTOT, JR., GEMMA BOCTOT, DANNY BUMANGLAG, ANSELMA CABICO, ROGELIO CANTORNA, AMELIA COMA, LUZVIMINDA CUANANG, EDWIN DE LOS SANTOS, REYMUNDA JARAMILLO, FU LEE, MINA MACABEO, MAURO MANZANO, JASMINE MARBOU, JONAS MENOR, JUVE MIJARES, NOEL MIJARES, BALTAZAR NAVOR, RONALDO OJEDA, RONALDO ONGCOY, ARNEL PAJAS, GLORIA PALMA, ARTEMIA PATAGUE, ANDRES RAMENTO, CHRISTINA RAMIREZ, ASIS RAQUINIO, JAYSON RAQUINO, MOJEEB RINTON, FEDERICO SAHAGUN, MELANIE (RIVERA) SALVADOR, RUEL SALVADOR, and GENEROSA TULIAO (hereinafter collectively, "Plaintiffs"), by and through their attorney, hereby complain against the above-mentioned Defendants and allege and aver as follows:

## I.   PARTIES

1. Plaintiff ROOSEBELT BALBOA is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

2. Plaintiff BERNALDO BALDONADO was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

3. Plaintiff ROLANDO BALDONALDO is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

4. Plaintiff FLORDELITO BASOL was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

5. Plaintiff FRANCISCO BOCTOT, JR. is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

6. Plaintiff GEMMA BOCTOT was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

7. Plaintiff DANNY BUMANGLAG is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

8. Plaintiff ANSELMA CABICO was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

9. Plaintiff ROGELIO CANTORNA is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

10. Plaintiff AMELIA COMA was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

11. Plaintiff LUZVIMINDA CUANANG is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

12. Plaintiff EDWIN DE LOS SANTOS was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

13. Plaintiff REYMUNDA JARAMILLO is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

14. Plaintiff FU LEE was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

15. Plaintiff MINA MACABEO is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

16. Plaintiff MAURO MANZANO was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

17. Plaintiff JASMINE MARBOU is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

18. Plaintiff JONAS MENOR was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

19. Plaintiff JUVE MIJARES is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

20. Plaintiff NOEL MIJARES was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

21. Plaintiff BALTAZAR NAVOR is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

22. Plaintiff RONALDO OJEDA was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

23. Plaintiff RONALDO ONGCOY is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

24. Plaintiff ARNEL PAJAS was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

25. Plaintiff GLORIA PALMA is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

26. Plaintiff ARTEMIA PATAGUE was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

27. Plaintiff ANDRES RAMENTO is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

28. Plaintiff CHRISTINA RAMIREZ was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

29. Plaintiff ASIS RAQUINIO is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

30. Plaintiff JAYSON RAQUINO was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

31. Plaintiff MOJEEB RINTON is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

32. Plaintiff FEDERICO SAHAGUN was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

33. Plaintiff MELANIE (RIVERA) SALVADOR is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

34. Plaintiff RUEL SALVADOR was, at all times material herein, a resident of the City and County of Honolulu, State of Hawaii.

35. Plaintiff GENEROSA TULIAO is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

36. Defendant HAWAII CARE AND CLEANING, INC. ("Defendant"), is a Hawaii corporation licensed to do business in the State of Hawaii, with its principal place of business in Lihue, Hawaii.

37. DOE DEFENDANTS 1-50 are individuals, corporations, partnerships, limited partnerships, joint ventures and/or other entities named hereunder fictitious names for the reason that their true identities are presently unknown to Plaintiffs, except that they are persons and/or entities who are subsidiaries, agents, associates, masters, servants, employees and/or who were in some manner presently unknown to Plaintiffs engaged in activities alleged in the Complaint filed herein; and/or who are in some manner responsible for the damages to Plaintiffs; and/or who conducted some activity in a negligent and/or intentional manner, which negligent and/or intentional conduct was a proximate cause of the injuries or damages to Plaintiffs; and/or who are in some manner related to the named Defendant; and Plaintiffs pray leave to insert herein their true names and capacities, activities, and/or responsibilities when the same are ascertained. Plaintiffs have conducted research through third-parties in order to identify the persons and/or entities liable for the damages to Plaintiffs complained of herein. Plaintiffs have conducted independent research through a third party to ascertain the corporate identities of Defendants. The Plaintiffs at this time are unable to identify the names and identities of the persons and/or entities until Plaintiffs proceed with discovery.

38. At all times material herein, all employees or agents of Defendant were acting in the course and scope of their employment and/or agency and as employees and/or agents when engaging in the conduct alleged herein. Therefore, Defendant is directly liable for the conduct of its employees and/or agents, and Defendant is also liable under the doctrines of strict liability, respondeat superior, vicarious liability, and/or agency.

## II.   PREDICATE FACTS

39. At all relevant times, Defendant contracted to provide services to the Hilton Hawaiian Village Beach Resort & Spa ("HHV").

40. At all relevant times, Plaintiffs were employees of Defendant and were assigned by Defendant to work at HHV.

41. The work performed by Plaintiffs at HHV on Defendant's behalf was performed pursuant to a services agreement between HHV and Defendant.

42. Pursuant to an agreement between HHV and UNITE HERE LOCAL 5 ("Union") in January 2007, HHV required its contractors to pay no less than designated wage amounts to the contractors' employees who performed bargaining unit work at HHV.

43. HHV's agreement with the Union specifically identified HHV's services agreement with Defendant as one which needed to be modified to require Defendant to pay the minimum specified wages to its employees, including Plaintiffs.

44. Defendant's services agreement with HHV required Defendant to pay minimum specified wage amounts to Plaintiffs pursuant to the agreement between HHV and the Union.

45. Defendant failed to pay the minimum specified wage amounts to Plaintiffs during the period from 2007 to 2013.

III. **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**BREACH OF CONTRACT (THIRD-PARTY BENEFICIARIES)**

46. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 45 above.

47. Plaintiffs were intended third-party beneficiaries of the applicable service agreements between Defendant and HHV.

48. Defendant breached its contract with HHV by failing to pay the minimum specified wages to Plaintiffs.

49. Defendant's failure to pay the required minimum specified wages to Plaintiffs also violated the provisions of HHV's agreement with the Union.

50. As a direct and proximate result of Defendant's breach of its contractual obligation to pay minimum specified wages to Plaintiffs, Defendant is liable to Plaintiffs for damages in an amount to be proven at trial, along with pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION:**
**WITHHELD WAGES (H.R.S. Chap. 388, *et seq.*)**

51. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 50 above.

52. During the course of their employment, Plaintiffs were not paid the full wages owed to them under *Hawaii Revised Statutes* Chapter 388, as Defendant failed to pay Plaintiffs the minimum wages required by its agreement with HHV, as well as HHV's agreement with the Union.

53. As a result of Defendant's wrongful withholding of the money owed to them, Plaintiffs have suffered damages in an amount to be shown at trial.

54. Defendant withheld such money from Plaintiffs without equitable justification.

55. Defendant is liable to Plaintiffs for the amount of unpaid wages, additional penalties and/or damages, including, but not limited to, double, treble, and/or punitive damages, for interest, for attorney's fees, and for costs of action.

### THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

56. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 55 above.

57. Defendant was paid by HHV based upon the minimum specified wages Defendant was required to pay Plaintiffs.

58. Though HHV paid funds to Defendant for the benefit of Plaintiffs, Defendant withheld those funds for its own benefit.

59. By withholding funds designated for Plaintiffs and using those funds for its own benefit, Defendant has been unjustly enriched at the expense of Plaintiffs.

60. As a direct and proximate result of Defendant being unjustly enriched at the expense of Plaintiffs, Defendant is liable to Plaintiffs for damages in an amount to be proven at trial, along with pre-judgment interest, post-judgment interest, attorneys' fees, and costs..

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against the Defendants on all counts as follows:

1. For special, general, double, treble, punitive, exemplary damages and/or penalties in amounts to be shown at trial;

2. For back pay, front pay, prejudgment interest, lost employment benefits, reasonable attorney's fees and costs, equitable and injunctive relief; and

3. For such other relief as the Court deems appropriate.

DATED:   Honolulu, Hawaii, December 6, 2013.

_____
RYAN K. HARIMOTO
Attorney for Plaintiffs

THE LAW OFFICE OF
RYAN K. HARIMOTO

RYAN K. HARIMOTO 6720-0
1132 Bishop Street, Suite 1860
Honolulu, Hawaii 96813
Telephone: (808) 528-3113

Attorney for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ROOSEBELT BALBOA; BERNALDO BALDONADO; ROLANDO BALDONALDO; FLORDELITO BASOL; FRANCISCO BOCTOT, JR.; GEMMA BOCTOT; DANNY BUMANGLAG; ANSELMA CABICO; ROGELIO CANTORNA; AMELIA COMA; LUZVIMINDA CUANANG; EDWIN DE LOS SANTOS; REYMUNDA JARAMILLO; FU LEE; MINA MACABEO; MAURO MANZANO; JASMINE MARBOU; JONAS MENOR; JUVE MIJARES; NOEL MIJARES; BALTAZAR NAVOR; RONALDO OJEDA; RONALDO ONGCOY; ARNEL PAJAS; GLORIA PALMA; ARTEMIA PATAGUE; ANDRES RAMENTO; CHRISTINA RAMIREZ; ASIS RAQUINIO; JAYSON RAQUINO; MOJEEB RINTON; FEDERICO SAHAGUN; MELANIE (RIVERA) SALVADOR; RUEL SALVADOR; GENEROSA TULIAO,, <br><br> Plaintiffs, <br> vs. <br><br> HAWAII CARE AND CLEANING, INC.; and DOE DEFENDANTS 1-50, <br><br> Defendants. | CIVIL NO.: _____ <br> (Other Civil Action) <br><br> SUMMONS |

## SUMMONS

STATE OF HAWAII

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to file with the Court and serve upon Plaintiffs' attorney, Ryan K. Harimoto, Esq., whose address is stated above, an answer to the Complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled Court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, December 6, 2013.

F. OTAKE     [SEAL]

_____
CLERK OF THE ABOVE-ENTITLED COURT