IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROOSEBELT BALBOA, ET AL., | ) | CIVIL NO. 14-00009 ACK-RLP |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | DEFENDANT HAWAII CARE AND |
| | ) | CLEANING, INC.'S BILL OF COSTS |
| HAWAII CARE AND CLEANING, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART DEFENDANT HAWAII CARE AND CLEANING, INC.'S BILL OF COSTS[1]

      Before the Court is Defendant Hawaii Care and Cleaning, Inc.'s Bill of Costs filed on May 12, 2015 ("Bill of Costs"). ECF No. 41. Defendant requests $2,103.08 in costs. Id. Plaintiffs filed Objections to the Bill of Costs on May 19, 2015. ECF No. 45. Defendant filed its Reply on May 28, 2015. ECF No. 47. After review of the parties' submissions and the relevant legal authority, the Court FINDS and RECOMMENDS that the Bill of Costs be GRANTED IN PART and DENIED IN PART.

ANALYSIS

      On April 29, 2015, the Clerk entered judgment in favor of Defendant based on the court's order granting Defendant's

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

motion for summary judgment.  See ECF No. 39.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Plaintiffs object to the Bill of Costs on three grounds.

First, Plaintiffs argue that all costs should be denied on the basis of equity.  ECF No. 45 at 2.  Although the Court has discretion to refuse to award costs, the circumstances of this case do not warrant the denial of costs.  See Ass'n of Mexican-American Educ. v. Cal., 231 F.3d 572, 591 (9th Cir. 2000).  There is no indication in the record that Plaintiffs are indigent or that the issues in this case were close or difficult.  See Order Granting Defendant's Motion for Summary Judgment, ECF No. 38, at 16 ("In sum, the Court concludes that Plaintiffs are not intended third party beneficiaries to the Services Agreements or to the 2006 Addendum.  Thus, while Hilton (a contracting party) may be entitled to bring a breach of contract claim for the alleged violation of the wage provision, Plaintiffs clearly may not do so."); id. at 17 ("Thus, because Plaintiffs seek to recover wages to which they have failed to demonstrate that they are legally entitled, they cannot bring a statutory claim under Chapter 388."); id. at 20 ("Even assuming Plaintiffs' unjust enrichment claim weren't barred by the express agreement as to wages between HCC and Plaintiffs, there is simply no evidence

2

before the Court to support such a claim."). The Court FINDS that the circumstances of this case do not support the denial of costs.

Second, Plaintiffs argue that Defendant should not be allowed to recover the filing fees paid upon removal of this case from state to federal court because removal was not required. ECF No. 45 at 2. The Court finds that these costs are taxable. Section 1920(1) allows for the taxation of costs for "[f]ees of the clerk." 28 U.S.C. § 1920(1). When this case was removed to federal court, Defendant paid the court's filing fee upon filing the notice of removal pursuant to 28 U.S.C. § 1446(d). See ECF No. 3. The Court FINDS that the fees of the clerk requested by Defendant are taxable.

Third, Plaintiffs object to $52.80 of the copying costs requested by Defendant because Defendant failed to indicate the actual use of these copies. See ECF No. 45 at 3. Section 1920(4) allows for the taxation of costs for copying papers "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Local Rule 54.2(f)(4) specifies that the requesting party must "submit[] an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied." LR54.2(f)(4). Local Rule 54.2(f)(4) also states that the cost of copies "obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable." LR54.2(f)(4). In its Reply, Defendant

specifies that these copies were for courtesy copies to the court.  ECF No. 47 at 3-4.  However, Defendant concedes that $2.20 of the copying costs are not recoverable because courtesy copies of those documents were not required.  Id. at 4.  Accordingly, the Court FINDS that Defendant's request for the $2.20 in copying costs should be DENIED and that the remaining copying costs are taxable.

## CONCLUSION

The Court RECOMMENDS that Defendant Hawaii Care and Cleaning, Inc.'s Bill of Costs be DENIED as to $2.20 in copying costs and be GRANTED as to the remaining $2,101.60 in costs requested.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 1, 2015.

Richard L. Puglisi
United States Magistrate Judge

**BALBOA, ET AL. V. HAWAII CARE AND CLEANING, INC., ET AL., CIVIL NO. 14-00009 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT HAWAII CARE AND CLEANING, INC.'S BILL OF COSTS**