IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROOSEBELT BALBOA, ET AL., | ) | CIVIL NO. 14-00009 ACK-RLP |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | DEFENDANT HAWAII CARE AND |
| | ) | CLEANING, INC.'S MOTION FOR |
| HAWAII CARE AND CLEANING, | ) | ATTORNEYS' FEES |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART DEFENDANT HAWAII CARE AND
<u>CLEANING, INC.'S MOTION FOR ATTORNEYS' FEES</u>[1]

Before the Court is Defendant Hawaii Care and Cleaning, Inc.'s Motion for Attorneys' Fees filed on May 12, 2015 ("Motion"). ECF No. 40. Plaintiffs filed their Opposition on June 2, 2015. ECF No. 49. Defendant filed its Reply on June 16, 2015. ECF No. 50. After review of the parties' submissions, declarations, exhibits, and the relevant legal authority, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

<u>BACKGROUND</u>

Plaintiffs filed a Complaint against Defendant in the Circuit Court of the First Circuit State of Hawaii on December 6,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

2013, alleging: (1) breach of contract; (2) withheld wages under Hawaii Revised Statutes Chapter 388, Hawaii's wage laws; and (3) unjust enrichment. See ECF No. 1-1. Plaintiffs, employees of Defendant, alleged that Defendant contracted with Hilton Hawaiian Village Beach Resort & Spa ("Hilton") to provide cleaning services. See ECF No. 1-1 at 7, ECF No. 18 at 2. Plaintiffs alleged that Hilton had an agreement with United Here Local 5 ("Hilton/Union Agreement") that required Hilton's contractors to pay designated wage amounts to its employees. See ECF No. 1-1 at 7. Plaintiffs alleged that pursuant to a services agreement between Hilton and Defendant, Defendant was required to pay to Plaintiffs the minimum wage amounts specified in the Hilton/Union Agreement, but that Defendant failed to pay these amounts. Id. at 7-8.

Defendant removed the case to this court asserting jurisdiction pursuant to 29 U.S.C. § 185 of the Labor Management Relations Act and supplemental jurisdiction over Plaintiffs' derivative state law claims. See ECF No. 1 at 4-5. The district court granted Defendant's Motion for Summary Judgment on the basis of state law on April 28, 2015. See ECF No. 38. Pursuant to the district court's Order Granting Defendant's Motion for Summary Judgment, the Clerk entered judgment in favor of Defendant on April 29, 2015. See ECF No. 39. The present Motion followed.

ANALYSIS

State law governs applications for attorneys' fees in cases where a federal court exercises diversity or supplemental jurisdiction. Lewis v. Activision Blizzard, Inc., No. C 12-1096 CW, 2014 WL 4953770, at *1 (N.D. Cal. Sept. 25, 2014) (citing Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995)). Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (citing Weinberg v. Mauch, 890 P.2d 277, 290 (Haw. 1995)). Here, Defendant requests $162,869.03 in attorneys' fees pursuant to Hawaii Revised Statutes Section 607-14. Section 607-14 provides that attorneys' fees shall be awarded "in all actions in the nature of assumpsit" and that such fees shall "not exceed twenty-five per cent of the judgment." Haw. Rev. Stat. § 607–14. To award attorneys' fees under Section 607–14, the court must determine whether: (A) the action is in the nature of assumpsit; (B) Defendant is the prevailing party; (C) the fees requested are reasonable; and (D) the fees do not exceed twenty-five percent of the amount sued for. Haw. Rev. Stat. § 607–14.

**I.  Defendant is Entitled to an Award of Reasonable Attorneys' Fees Under Section 607-14.**

    **A.  Action in the Nature of Assumpsit**

"Assumpsit is a common law form of action which allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Leslie v. Estate of Tavares, 93 Haw. 1, 5, 994 P.2d 1047, 1051 (2000). Defendant asserts that this entire action is in the nature of assumpsit because Plaintiffs' "[wage law] and unjust enrichment claims are inextricably linked to Plaintiffs' contract claim and the damages that Plaintiffs sought on all claims were essentially contractual." ECF No. 40-1 at 7. Plaintiffs argue that only their breach of contract claim, and not their wage law claim and unjust enrichment claim are actions in the nature of assumpsit. See ECF No. 49 at 8. The Court FINDS that the entire action is in the nature of assumpsit.

In their Complaint, Plaintiffs alleged that Defendant wrongfully withheld wages owed to them because Defendant failed to pay the wages required by its agreement with Hilton. See ECF No. 1-1 at 9. In addition, Plaintiffs alleged that based on Defendant's wrongful withholding of wages, Defendant had been unjustly enriched at the expense of Plaintiffs. See id. Plaintiffs' wage law and unjust enrichment claims arise from an alleged breach of an agreement, specifically Defendant's agreement with Hilton. Accordingly, the Court finds that these claims are in the nature of assumpsit. See Eckerle v. Deutsche

4

Bank Nat. Trust, No. CIV. 10-00474 SOM, 2012 WL 896266, at *2 (D. Haw. Feb. 21, 2012), adopted by, No. CV 10-00474 SOM-BMK, 2012 WL 896258 (D. Haw. Mar. 14, 2012) (concluding that plaintiff's unjust enrichment, fraud in the inducement, bank fraud, and negligent misrepresentation claims were in the nature of assumpsit because the claims arose from an alleged breach of a loan modification agreement); Porter v. Hu, 169 P.3d 994, 1018 (Haw. Ct. App. 2007) (concluding that plaintiffs' unjust enrichment claim was an equity action within the realm of assumpsit). The Court FINDS that Defendant is entitled to an award of attorneys' fees under Section 607-14 for all of Plaintiffs' claims.

### B. Prevailing Party Status

Defendant prevailed on its Motion for Summary Judgment and Judgment was entered in its favor. See ECF Nos. 38, 39. Any dismissal that results in judgment is sufficient to support an award for attorneys' fees under Hawaii law. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000). Accordingly, the Court concludes that Defendant is the "prevailing party" for purposes of Section 607-14. See also Blair v. Ing, 31 P.3d 184, 189 (Haw. 2001) ("a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607-14.").

### C. Reasonable Attorneys' Fees and Costs

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). <u>See</u> <u>DFS Grp. L.P. v. Paiea Props.</u>, 131 P.3d 500, 505 (Haw. 2006). Under the lodestar method, the court must determine a reasonable fee by multiplying a reasonable hourly rate by the number of hours reasonably expended. <u>See</u> <u>id.</u> 505-06. In addition, the court may consider additional factors including the novelty of the questions involved and charges for similar services in the community. <u>See</u> <u>Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw.</u>, 106 P.3d 339, 358 (Haw. 2005); <u>Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw.</u>, 992 P.2d 127, 137 (Haw. 2000). Defendant requests the following attorneys' fees for work performed by its counsel:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| Robert S. Katz, Esq. | 115.60 | $400 | $46,240.00 |
| After 7/11/14 | 168.10 | $450 | $75,645.00 |
| John S. Mackey, Esq. | 47.90 | $285 | $13,651.50 |
| After 7/11/14 | 46.80 | $300 | $14,040.00 |
| Kristi K. O'Heron, Esq. | 1.90 | $265 | $503.50 |
| Dell M. Nakamura, paralegal | 35.60 | $150 | $5,340.00 |
| Margaret A. Kageyama, paralegal | 0.80 | $150 | $120.00 |
| | | SUBTOTAL | $155,540.00 |
| | 4.712% General Excise Tax | | $7,329.04 |
| | | TOTAL | $162,869.04 |

See ECF No. at 40-1 at 4.

   **1.   Reasonable Hourly Rate**

Hawaii courts consider the reasonable hourly rate in a manner similar to the traditional lodestar formulation, and some Hawaii state courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Cnty. of Haw. v. C & J Coupe Family Ltd. P'ship, 208 P.3d 713, 720 (Haw. 2009).  The Court finds that federal case law regarding the determination of a reasonable hourly rate is instructive in this case.  In assessing whether an hourly rate is reasonable, a court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  Webb v. Ada Cnty., 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  In addition to their own statements, the fee applicant is required to submit additional evidence that the rate charged is reasonable.  Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).

Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and counsel's submissions, this Court finds that the $450 rate requested by Mr.

7

Katz after 7/1/14, the $300 rate requested by Mr. Mackey after 7/1/1/14, and the $265 rate requested for Ms. O'Heron are excessive. The Court finds that the rate of $400 for Mr. Katz's forty-seven years of experience, $285 for Mr. Mackey's eighteen years of experience, and $200 for Ms. O'Heron's five years of experience are reasonable rates in this case. See Algal Partners, L.P. v. Santos, No. CIV. 13-00562 LEK-BMK, 2014 WL 7420442, at *4 (D. Haw. Dec. 31, 2014) (finding $375/hr reasonable for a senior partner with forty years of experience and $300/hr reasonable for a senior partner with thirty years of experience); Uy v. HSBC Bank USA, Nat. Ass'n, No. CIV. 14-00261 HG, 2014 WL 6471331, at *3 (D. Haw. Nov. 3, 2014) adopted by, No. CV 14-00261 HG-KSC, 2014 WL 6471747 (D. Haw. Nov. 18, 2014) (finding $180 a reasonable rate for eight years of experience); Au v. Funding Grp., Inc., 933 F. Supp. 2d 1264, 1277 (D. Haw. 2013) (awarding an attorney with forty-two years of experience an hourly rate of $395); HRPT Props. Trust v. Lingle, 775 F.Supp.2d 1225, 1232 (D. Haw. 2011) ("This court has recently found that $285 per hour is the prevailing rate in this community for attorneys with 20 to 30 years experience.").

In addition, the Court finds that the $150 rates requested for paralegal fees for Ms. Nakamura and Ms. Kageyama are excessive. Based on Ms. Nakamura's thirty years of experience and Ms. Kageyama's eight years of experience, the

8

Court finds that $105 for Ms. Nakamura and $85 for Ms. Kageyama are reasonable rates. See, e.g., Donkerbrook v. Title Guar. Escrow Servs., Inc., No. CIV. 10-00616 LEK, 2011 WL 3649539, at *7 (D. Haw. Aug. 18, 2011) ("The Court finds that a reasonable hourly rate would be $85, which is on the high end of the range of hourly rates for paralegals in Hawai'i."); Ko Olina Dev., LLC v. Centex Homes, Civil No. 09-00272 DAE-LEK, 2010 WL 3853251, at *2 (D. Haw. Sept. 27, 2010) (awarding $85 per hour for a paralegal with over thirty years of litigation experience). Accordingly, the Court concludes that the following hourly rates are reasonable: 1) Mr. Katz—$400 before and after 7/1/14; 2) Mr. Mackey—$285 before and after 7/1/14; 3) Ms. O'Heron—$200, Ms. Nakamura—$105, and Ms. Kageyama—$85.

### 2. Hours Reasonably Expended

For the same reasons as those discussed above, the Court finds that federal case law regarding the determination of reasonable hours spent is instructive in this case. Defendant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. See Smothers v. Renander, 633 P.2d 556, 563 (Haw. Ct. App. 1981) (stating that it is the prevailing party's burden to show that the fee is for services reasonably and necessarily incurred).

### a. Unspecified Telephone Conferences

9

Pursuant to Local Rule 54.3(d)(2), time entries for telephone conferences must include an identification of all participants and the reason for the call.  LR 54.3(4)(2).  Several of Mr. Katz's time entries do not include this required information.  Accordingly, the Court deducts 11 hours of Mr. Katz's time.[2]

**b.  Clerical Tasks**

Clerical costs are part of an attorney's overhead and are reflected in the charged hourly rate.  Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).  Tasks such as preparing and filing documents with the court; copying, printing, and scanning documents; receiving, downloading, and emailing documents; communicating with Court staff; and identification and organization of exhibits are "deemed clerical or ministerial in this district and therefore deemed non compensable[.]" Crawford v. Japan Airlines, No. CIV. 03-00451 LEK, 2014 WL 1326576, at *4 (D. Haw. Jan. 22, 2014), adopted by No. CIV. 03-00451 LEK, 2014 WL 1326580 (D. Haw. Mar. 28, 2014).  The Court has carefully reviewed counsel's time entries and finds that 33.5

---

[2] Mr. Katz unspecified telephone conference entries were on 1/13/14, 3/14/14, 3/18/14, 04/14/14, 5/21/14, 6/04/14, 6/27/14, 6/30/14, 7/02/14, 7/03/14, 7/4/14, 12/17/14, 12/19/14, 12/20/14, 12/22/14.  See ECF No. 40-5 at 3, 8-9, 11, 15, 17-18, 20, 34.

hours of Ms. Nakamura's time were spent on clerical tasks such as communicating with the court, preparing hearing binders, organizing documents, downloading documents, emailing documents, and communicating with court staff. Accordingly, the Court deducts 33.5 hours of Ms. Nakamura's time.[3]

### c. Overly Redacted Entries

Pursuant to Local Rule 54.3(d)(2), "[i]f the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly." LR 54.3(d)(2). The Court has carefully reviewed the time entries provided by Defendant's counsel and finds that several entries are too heavily redacted for the Court to determine the reasonableness of the fees requested. Accordingly, the Court deducts 3 hours from Mr. Katz's time.[4]

### d. Excessive Time

Plaintiffs argue that the fees requested are excessive because the request for production in this case sought a single document from Defendant, only two oral depositions were

---

[3] Ms. Nakamura's clerical task entries were on 1/3/14, 1/14/14, 1/15/14, 3/10/14, 5/1/14, 5/2/14, 5/7/14, 5/19/14, 5/20/14, 5/21/14, 5/29/14, 5/30/14, 8/13/14, 8/14/14, 8/19/14, 9/23/14, 2/3/15, 2/5/15, 2/18/15, 2/19/15, 2/20/15, 4/8/15, 4/9/15, 4/21/15. See ECF No. 40-5 at 2-3, 8, 14-16, 24-25, 28, 38-39, 42-43.

[4] Mr. Katz's overly redacted entries were on 2/14/14, 4/18/2014, 5/9/14, and 07/17/14. See ECF No. 40-5 at 5, 12, 15, 21.

conducted, which lasted 3 hours and 20 minutes and 2 hours and 28 minutes, and only one substantive motion and one substantive ex parte motion were filed. See ECF No. 49 at 3-4. The Court agrees.

"Courts must guard against awarding attorneys' fees which are excessive, and must assess the extent to which attorneys' fees could have been avoided or were self-imposed." Hawaii Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc., No. CIV. 09-00304 SOM, 2010 WL 4974867, at *6 (D. Haw. Dec. 1, 2010), adopted by No. CIV. 09-00304, 2010 WL 5395669 (D. Haw. Dec. 22, 2010). The Court has reviewed in detail the time entries provided by Defendant's counsel and finds that the number of hours counsel spent working on the Motion for Summary Judgment, declarations, deposition preparation, and preparation for the Motion for Summary Judgment hearing were excessive.

First, defense counsel spent 109 hours on the Motion for Summary Judgment and the Reply. See ECF No. 40-5 at 3, 5-6, 8-9, 11-12, 14-16, 18, 20-22, 25, 37-38, 40, 42. Defendant contends that Plaintiffs' claims were novel and complex, thus, the hours were critical to prevailing. See ECF No. 50 at 3. There is no indication in the record that this case was novel or complex. The district court held that there was "clear language" in the relevant contracts that Plaintiffs were not third-party beneficiaries of the agreements, that Plaintiffs sought "to

recover wages to which they ha[d] failed to demonstrate that they [were] legally entitled," and that not only did the express agreement between Defendant and Plaintiffs bar the unjust enrichment claim, but that there was "simply no evidence" to support the unjust enrichment claim. ECF No. 38 at 12, 17, 20. Accordingly, the Court rejects Defendant's contention that Plaintiffs' claims were novel and complex requiring over 100 hours to prepare the sixteen page Motion for Summary Judgment and twelve page Reply. See ECF Nos. 17, 36. The Court deducts 30 hours of Mr. Katz's time and 25 hours of Mr. Mackey's time spent on the Motion for Summary Judgment and Reply.

Second, defense counsel spent 41.9 hours on the declarations for the Motion for Summary Judgment and 10 of those hours were attempting to obtain a declaration from a Hilton employee that was not included in the Motion for Summary Judgment. See ECF No. 40-5 at 3, 5, 8-9, 11-12, 14-18, 20-22, 24-25, 31, 34. Defendant asserts that it "needed a declaration from Hilton to properly support its motion for summary judgment" and the entries reflect the challenge defense counsel faced in securing a declaration for Peter Twyman, Hilton's Regional Vice President of Finance and Regional Director of Finance during the six years preceding Plaintiffs' Complaint. See ECF No. 50 at 10. The Court is unpersuaded. There were two declarations submitted with the Motion for Summary Judgment, a three-page declaration

13

from Defendant's President, William Allen, and a two-page declaration from Hilton's Director of Human Resources. See ECF Nos. 18-1 to 18-2. A majority of the statements contained in these declarations were to verify the attached exhibits. See ECF Nos. 18-1, 18-2. The Court finds that the 41.9 hours requested by defense counsel for the preparation of the declarations are excessive. The Court deducts 20 hours of Mr. Katz's time and 3 hours of Mr. Mackey's time for time spent on the declarations.

Third, defense counsel spent 54.5 hours preparing for the depositions of Mr. Allen and Mr. Twyman. See ECF No. 40-5 at 33-34, 36-40. Defendant argues that the fact that Plaintiffs' counsel spent a relatively short time actually taking the depositions demonstrate the value of the deposition preparation. See ECF No. 50 at 6. The Court is unpersuaded. Plaintiffs' deposition of Defendant's President, Mr. Allen, and Hilton representative, Mr. Twyman, lasted less than four hours each. See ECF No. 40-5 at 38, 40. The Court finds that the 54.5 hours requested for the preparation of these depositions are excessive. The Court deducts 25 hours of Mr. Katz's time for time spent preparing for depositions.

Finally, defense counsel spent 19.2 hours on preparing for the Motion for Summary Judgment hearing. See ECF No. 40-5 at 42-43. Defendant asserts that for a majority of the hearing, Mr. Katz was at the podium responding to questions and concerns from

the court, thus, justifying these hours. See ECF No. 50 at 11. The Court finds that 19.2 hours for preparation for a Motion for Summary Judgment hearing is excessive. The Court deducts 10 hours of Mr. Katz's time for time spent preparing for the hearing.

The Court finds that the remaining hours requested by Defendant are reasonable.

### 3. Total Lodestar Calculation

Based on the foregoing, the Court finds that Defendant has established the appropriateness of an award of attorneys' fees as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
| --- | ---: | ---: | ---: |
| Robert S. Katz, Esq. | 184.70[5] | $400 | $73,880.00 |
| John S. Mackey, Esq. | 66.70[6] | $285 | $19,009.50 |
| Kristi K. O'Heron, Esq. | 1.90 | $200 | $380.00 |
| Dell M. Nakamura, paralegal | 2.10[7] | $105 | $220.50 |
| Margaret A. Kageyama, paralegal | 0.80 | $85 | $68.00 |
|  | SUBTOTAL |  | $93,558.00 |

---

[5] 283.7 hours requested - 11 hours for unspecified telephone conferences - 3 hours for overly redacted time - 25 hours from motions practice - 20 hours from declaration preparation - 25 from deposition preparation - 10 hours from hearing preparation = 184.70 hours.

[6] 94.7 hours requested - 25 hours from motions practice - 3 hours from declaration preparation = 66.70 hours.

[7] 35.6 hours requested - 33.5 for clerical tasks = 2.10 hours.

| | | | |
|---|---|---|---|
| GENERAL EXCISE TAX of 4.712% | | | $4,408.45 |
| | TOTAL | | $97,966.45 |

### D. Twenty-Five Percent Limitation

Section 607-14 limits the award of attorneys' fees to twenty-five percent of the amount sued for if the defendant obtains judgment. Haw. Rev. Stat. § 607-14. Plaintiffs did not state the amount they sought to recover in this action. Defendant contends that had Plaintiffs identified the amount sued for, it would have been at least $973,062.44. See ECF No. 40-1 at 9; ECF No. 40-5, Decl. of Laura Valhuerdi. Plaintiffs do not dispute this amount. See ECF No. 49 at 5. The attorneys' fees that this Court recommends be awarded are well within the twenty-five percent limitation.

## II. The Court RECOMMENDS that the Award of Attorneys' Fees be Divided Equally Among the Plaintiffs.

Plaintiffs argue that any award of attorneys' fees should be divided equally among each individual Plaintiff. See ECF No. 49 at 5. Defendant states that it "does not object to Plaintiffs' request to divide the fee award equally among the 35 Plaintiffs[.]" See ECF No. 50 at 2. Accordingly, the Court FINDS that it is appropriate that the award of attorneys' fees be divided equally among each individual Plaintiff and RECOMMENDS that each of the thirty-five Plaintiffs be ordered to pay $2,779.04 to Defendant.

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Defendant Hawaii Care and Cleaning, Inc.'s Motion for Attorneys' Fees be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that Defendant be awarded $97,966.45 in attorneys' fees and that each of the thirty-five Plaintiffs be ordered to pay $2,779.04 to Defendant.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 23, 2015.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**BALBOA, ET AL. V. HAWAII CARE AND CLEANING, INC., CIVIL NO. 14-00009 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT HAWAII CARE AND CLEANING, INC.'S MOTION FOR ATTORNEYS' FEES**